JOURNAL ENTRY AND OPINION
{¶ 1} Thomas and Andrea Sech appeal from an order granting summary judgment in favor of Tollis Construction Co., Inc. The trial court found that a promissory note signed on behalf of the construction company lacked sufficient consideration. We affirm.
 {¶ 2} The record reveals that in September 1992, Zane Tollis signed a promissory note ("the 1992 note") in the amount of $112,000, payable to either Thomas or Andrea Sech. The note was signed by Tollis individually, and included one year's interest at a minimum of 12 percent per annum. Over the course of the next two years, Tollis paid $12,000 toward the interest on the note, but made no payments toward the principal balance.
 {¶ 3} On March 18, 1994, Zane Tollis filed Chapter 11 bankruptcy, Case No. 94-11143, filing both as an individual and on behalf of several companies. Tollis Construction was not included in these bankruptcy proceedings. Six days after the bankruptcy filing, Zane Tollis delivered a second promissory note to the Seches in the principal amount of $100,000 ("the 1994 note"), with 12 percent interest per annum from March 8, 1995. The 1994 note was signed on behalf of Tollis Construction, Inc.
 {¶ 4} From March 1994 to January 1997, Tollis Construction Co. made payments to the Seches totaling $6,475.25; however, when Zane Tollis died in June 1997, all payments ceased.
 {¶ 5} In February 1998, Thomas Sech filed a complaint seeking the unpaid balance of the 1992 note. He received a judgment granting $135,011.45 with interest at 10 percent and costs, however, the judgment was later vacated and the complaint was voluntarily dismissed in October 1999.
 {¶ 6} One year later, in October 2000, the Seches refiled the case and sought judgment on the 1994 note. Tollis Construction moved for summary judgment, which was granted. The Seches appealed to this Court, and we remanded the case for lack of a final appealable order as counterclaims were still pending.
 {¶ 7} In August 2004, Tollis Construction moved for summary judgment on its counter claims. The trial court granted the motion and the Seches appeal in a single assignment of error that states:
"The trial court erred by granting defendant-appellee's motion forsummary judgment based upon lack of consideration for the March 24, 1994promissory note."
 {¶ 8} We review the grant of summary judgment de novo, applying the same standard of review as that applied by the trial judge. Buyer's FirstRealty, Inc. v. Cleveland Area Bd. of Realtors (2000),139 Ohio App.3d 772, 785, citing Druso v. Bank One of Columbus
(1997), 124 Ohio App.3d 125, 131. Under Civ.R. 56, summary judgment shall be entered in favor of a moving party when: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. * * * The moving party for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." (Citations omitted.) Zivich v. MentorSoccer Club, Inc., 82 Ohio St.3d 367, 370, 1998-Ohio-389. If the party requesting summary judgment presents evidence showing its entitlement to judgment as a matter of law, the nonmoving party must then present evidence showing a dispute of material fact. Dresher v. Burt,75 Ohio St.3d 280, 293.
 {¶ 9} When ruling that the 1994 note lacked consideration, the December 3, 2001 Judgment Entry stated in part:
"This court finds no evidence that the 3/24/94 cognovit note wasaccompanied by consideration. See Feyses v. Hajek (Jan. 15, 1923), Cuy.App. No. 4107. Zane Tollis filed personal Bankruptcy on 3/18/94.Consequently, the 1992 note did not have "value" and could not constituteconsideration for the 3/24/94 note due to a pre-existing U.S. BankruptcyCase."
 {¶ 10} The 1992 note contains a clause stating, "[A]ccrued interest and principal shall be payable on or before one year from the date hereof." Accordingly, the balance was due on September 24, 1993. It is not disputed that Tollis failed to pay the balance on this date and, as such, the Seches could have begun collection proceedings. They chose not to do so, and when Tollis filed bankruptcy, any claim to the note was now within the confines of the bankruptcy proceedings. Once a bankruptcy is filed, the automatic stay provisions of 11 USC 362 immediately go into effect. Further, the imposition of such a stay does not require notice or knowledge to any party. Therefore, the Seches, having not previously initiated collection proceedings, were barred from commencing any action after the bankruptcy filing.
 {¶ 11} While the Seches maintain that it is a genuine question of material fact as to whether or not the 1994 note had adequate consideration, such is not the case. Instead, on March 24, 1994, the Seches reached an agreement with Tollis whereby he agreed to sign the 1994 note, thereby relieving his personal obligation and instead indebting his recently formed corporation, Tollis Construction, Inc. Notably, Tollis Construction did not file for bankruptcy protection.
 {¶ 12} By returning the 1992 note and asking that a second note be signed on behalf of a now incorporated company, the Seches deliberately took themselves out of the bankruptcy process and placed themselves ahead of other creditors. While the Seches challenge the trial court's reference to Feyses v. Hajek (Jan. 15, 1923), Cuyahoga App. No. 4107 and claim the trial court erroneously found that the burden of proof in a case alleging lack of consideration is on the plaintiff, this argument is misplaced. First, there is no indication that the trial court misapplied the burden of proof. Moreover, there was no need to prove a lack of consideration as the actions taken by the Seches were void as violative of the bankruptcy stay.
 {¶ 13} The decision of the trial court is affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze Jr., P.J., And Dyke, J., concur